LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

FRANCISCO HUERTERO,
*on behalf of himself, FLSA Collective Plaintiffs and the Class*,

                Plaintiff,

v.

B.J. MASPETH RESTAURANT INC.
    d/b/a PEGGY DEMPSEY'S,
BJR RESTAURANT INC.
    d/b/a BRIAN DEMPSEY'S,
BRIAN MCGUINNESS and JOSE FUNES,

                Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

      Plaintiff, FRANCISCO HUERTERO ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, B.J. MASPETH RESTAURANT INC. d/b/a PEGGY DEMPSEY'S, BJR RESTAURANT INC. d/b/a BRIAN DEMPSEY'S (collectively, "Corporate Defendants"), BRIAN MCGUINNESS and JOSE FUNES (collectively, "Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) unpaid spread of hours premium, (4) liquidated damages, (5) statutory penalties and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff FRANCISCO HUERTERO is a resident of New York County, New York.

6. Defendants own and operate an enterprise comprised of two restaurants in New York City with names and addresses as follows:

    (a) Peggy Dempsey's – 6414 Flushing Avenue, Maspeth, NY 11378; and

    (b) Brian Dempsey's – 3931 Bell Boulevard, Bayside, NY 11361

    (collectively, "Dempsey's Restaurants").

7. Defendants operate Dempsey's Restaurants as a single integrated enterprise. Specifically, Dempsey's Restaurants are engaged in related activities, share common ownership

and have a common business purpose. Dempsey's Restaurants are engaged in the same business of operating American restaurants in Queens County, New York. Dempsey's Restaurants are commonly owned and operated by Individual Defendants. Dempsey's Restaurants maintain centralized labor relations and human resources, and implement the same wage and hour policies and procedures established by Defendants.

8. Corporate Defendant B.J. MASPETH RESTAURANT INC. d/b/a PEGGY DEMPSEY'S is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 6414 Flushing Avenue, Maspeth, NY 11378 and an address for service of process located at 3931 Bell Boulevard, Bayside, NY 11361. Defendants operate "Peggy Dempsey's" through B.J. MASPETH RESTAURANT INC.

9. Corporate Defendant BJR RESTAURANT INC. d/b/a BRIAN DEMPSEY'S is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 3931 Bell Boulevard, Bayside, NY 11361 and an address for service of process located at 39-27 & 39-29 Bell Boulevard, Bayside, NY 11361. Defendants operate "Brian Dempsey's" through BJR RESTAURANT INC.

10. (i) Each Individual Defendant, BRIAN MCGUINNESS and JOSE FUNES, is a principal and executive officer of Corporate Defendants and has operational control of Dempsey's Restaurants. Each Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members at Dempsey's Restaurants. Each Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies

3

concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

(ii) Each Individual Defendant, BRIAN MCGUINNESS and JOSE FUNES, additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members at Dempsey's Restaurants. Each Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Dempsey's Restaurants are operating efficiently and profitably.

11. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, cashiers, porters, hosts/hostesses, bartenders, barbacks, servers, runners, bussers and delivery persons) employed by Defendants at Dempsey's Restaurants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and

have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the lawful minimum wage or the overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay. With regard to Plaintiff and a subgroup of FLSA Collective Plaintiffs who were tipped employees (i.e., bartenders, barbacks, servers, bussers, runners and delivery persons), Defendants were not entitled to take tip credit because they failed to meet statutory requirements under the FLSA. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to cooks, line cooks, food preparers, dishwashers, cashiers, porters, hosts/hostesses, bartenders, barbacks, servers, runners, bussers and delivery persons) employed by Defendants at Dempsey's Restaurants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

17. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants'

records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of servers, bussers, runners, bartenders, barbacks and delivery persons ("Tipped Subclass"). Plaintiff is a member of both the Class and Tipped Subclass.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay them the lawful minimum wage, (ii) failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, (iii) failing to pay proper spread of hours premium, (iv) failing to provide proper wage statements per requirements of the New York Labor Law, and (v) failing to provide proper wage and hour notices per requirements of the New York Labor Law. With regard to Plaintiff and the Tipped Subclass, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts

as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided

by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

 a) Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

 b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

 c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

 d) Whether Defendants properly notified Plaintiff and the Class Members of their regular hourly rate and overtime rate;

 e) Whether Defendants improperly paid Plaintiff and Class Members on a fixed salary basis, when New York State law requires that all non-exempt employees be paid on an hourly basis;

 f) Whether Defendants paid Plaintiff and Class Members the statutory minimum wage under the NYLL;

 g) Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass members that Defendants were taking a tip credit;

 h) Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

    i) Whether Defendants took the proper amount of tip credit allowance from Plaintiff and the Tipped Subclass members under the NYLL;

    j) Whether Defendants required Plaintiff and the Tipped Subclass members to perform non-tipped work for more than twenty (20) percent of their workday; and

    k) Whether Defendants kept daily records of tips earned by Plaintiff and the Tipped Subclass members.

    l) Whether Defendants paid Plaintiff and the Class Members overtime wages at a proper rate that is at least one-and-one-half times the regular rate of pay;

    m) Whether Defendants paid Plaintiff and the Class Members the spread of hours premium as required by the NYLL;

    n) Whether Defendants provided proper wage statements to Plaintiff and the Class Members per requirements of the NYLL; and

    o) Whether Defendants provided proper wage and hour notices to Plaintiff and the Class Members per requirements of the NYLL.

## **STATEMENT OF FACTS**

24. From on or about June 8, 2018 until on or about October 9, 2018, Plaintiff FRANCISCO HUERTERO was employed by Defendants to work as a busser at "Peggy Dempsey's" located at 6414 Flushing Avenue, Maspeth, NY 11378.

25. Throughout his employment with Defendants, Plaintiff FRANCISCO HUERTERO regularly worked fifty (50) hours per week as follows: seven (7) hours per day, from 4:00 p.m. to 11:00 p.m., on Mondays and Tuesdays; twelve (12) hours per day, from 11:00 a.m. to 11:00 p.m., on Fridays and Saturdays; and twelve (12) hours per day, from 12:00 p.m. to 12:00 a.m., on Sundays.

26. Throughout his employment with Defendants, Plaintiff FRANCISCO HUERTERO was required to work without any meal breaks on a daily basis.

27. Throughout his employment with Defendants, Plaintiff FRANCISCO HUERTERO was paid a fixed salary of $25 per day on Mondays and Tuesdays, and a fixed salary

9

of $50 per day on Fridays, Saturdays and Sundays. In other words, Plaintiff was paid a fixed salary of $200 each week, regardless of actual hours worked. However, there was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff.

28. Throughout his employment with Defendants, Plaintiff FRANCISCO HUERTERO was never paid the overtime premium of one-and-one-half times his regular rate of pay for his hours worked in excess of forty (40) per week, as required under the FLSA and NYLL.

29. Throughout his employment with Defendants, Plaintiff FRANCISCO HUERTERO was never paid the spread of hours premium for his workdays that exceeded ten (10) hours, as required under the NYLL.

30. Throughout his employment with Defendants, Plaintiff FRANCISCO HUERTERO was paid in cash and did not receive any wage statements from Defendants.

31. Throughout his employment with Defendants, Plaintiff FRANCISCO HUERTERO did not receive a notice of pay rate from Defendants as required under the NYLL.

32. Throughout his employment with Defendants, Plaintiff FRANCISCO HUERTERO regularly observed and spoke their co-workers about Defendants' pay practices and policies.

33. Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Dempsey's Restaurants regularly worked similar hours that exceeded forty (40) hours per week and were paid similarly on a fixed salary basis.

34. At all relevant times, Defendants paid Plaintiff, FLSA Collective Plaintiffs and Class Members at average hourly rates below the prevailing minimum wage, in violation of the FLSA and NYLL.

35. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members

regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation of at least one-and-one-half times the statutory minimum wage pursuant to the FLSA and NYLL.

36. At all relevant times, the workdays of Plaintiff and Class Members regularly exceeded ten (10) hours per day. However, Defendants failed to pay them the proper spread of hours premiums as required by NYLL.

37. At no time during the relevant time periods did Defendants provide Plaintiff or Class Members with wage and hour notices or wage statements as required by NYLL.

38. Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Dempsey's Restaurants similarly suffered from Defendants' common policy that failed to pay the overtime premium due under the FLSA and NYLL. Under Defendants' companywide policy, all non-exempt employees at Dempsey's Restaurants were paid at a fixed salary basis without any understanding that the fixed salary was intended to cover the overtime hours worked. They were never paid at the proper overtime rate of one-and-one-half times their base hourly rate for their hours worked in excess of forty (40) per workweek.

39. Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Dempsey's Restaurants similarly suffered from Defendants' common policy that failed to pay the federal or New York State minimum wage rates. At all relevant times, Defendants paid Plaintiff and other non-exempt employees at regular rates below the prevailing minimum wage, in violation of the FLSA and NYLL.

40. Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members did not receive proper notice that Defendants were claiming a tip credit. In addition, Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members did not receive notice informing them that the tips they

received must be retained by them except in a valid tip pooling arrangement, or that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Further, Defendants failed to provide proper wage statements informing Plaintiff, FLSA Collective Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period.

41. During his employment with Defendants, Plaintiff was required to engage in various non-tipped activities, including but not limited to dishwashing; accepting and unloading incoming deliveries; organizing beer in the basement and fridge; cutting up fruit; polishing glassware; sweeping, mopping, cleaning the kitchen; and making the restaurant's sauces; and other non-tipped related duties, for twenty (20) percent or more of his workday. In addition, Plaintiff was required to prepare and organize chairs and tables for private events, but Plaintiff did not receive any portion of the tips from private events. Based on Plaintiff's direct observations and conversations with other employees, Tipped Subclass members regularly spent over twenty (20) percent of their workdays performing similar non-tipped activities.

42. Based on Plaintiff's direct observations and conversations with his co-workers, Defendants did not implement a clock-in/clock-out system for their employees. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class Members were not given access to a record of their hours worked per workweek.

43. Based on Plaintiff's direct observations and conversations with his co-workers, Defendants failed to keep track of the daily totals of tips received by Plaintiff, FLSA Collective Plaintiffs and Class Members, and also failed to keep the proper employment records required under the FLSA and NYLL.

44. Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Dempsey's Restaurants similarly suffered from Defendants' common

policy that failed to pay the spread of hours premium for workdays exceeding ten (10) hours, in violation of the NYLL.

45. Based on Plaintiff's direct observations and conversations with his co-workers, all non-exempt employees at Dempsey's Restaurants similarly suffered from Defendants' common policy that failed to provide any notice of pay rate or wage statements, as required under the NYLL.

46. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs, and Class members either the federal minimum wage or the New York State minimum wage, in violation of the FLSA and NYLL. With respect to the Tipped Subclass members, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA and NYLL.

47. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay, in violation of the FLSA and NYLL.

48. Defendants knowingly and willfully violated Plaintiff and Class Members' rights by paying them on a fixed salary basis in violation of NYLL because Plaintiff and Class Members are non-exempt employees who must be paid on an hourly basis.

49. Defendants knowingly and willfully operated their business with a policy of not paying the spread of hours premium to Plaintiff and Class Members, in violation of the NYLL.

50. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiff and Class Members with their wage payments, as required under the NYLL.

51. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class Members, as required under the NYLL.

52. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

53. Plaintiff realleges and incorporates Paragraphs 1 through 52 of this Class and Collective Action Complaint as if fully set forth herein.

54. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

56. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

57. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs the prevailing minimum wage for their hours worked each week, as required under the FLSA. With regard to tipped employees, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the FLSA.

58. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the FLSA.

59. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

60. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs the prevailing minimum wage and the overtime premium of one-and one-half times the regular rate for all hours worked when Defendants knew or should have known such was due.

61. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

62. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

63. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage and unpaid overtime wages, plus an equal amount as liquidated damages.

64. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

65. Plaintiff realleges and incorporates Paragraphs 1 through 64 of this Class and Collective Action Complaint as if fully set forth herein.

66. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

67. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them the New York State minimum wage due under the New York Labor Law. With regard to the Tipped Subclass members, Defendants were not entitled to take any tip credits because they failed to meet statutory requirements under the New York Labor Law.

68. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate of one-and-one-half times the regular rate of pay, as required under the New York Labor Law.

69. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay them the spread of hours premium for workdays exceeding ten (10) hours, as required under the New York Labor Law.

70. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the New York Labor Law.

71. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members as required under the New York Labor Law.

72. Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid minimum wage, unpaid overtime wages,

unpaid spread of hours, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid minimum wage due under the FLSA and NYLL;

d.  An award of unpaid overtime wages due under the FLSA and NYLL;

e.  An award of unpaid spread of hours premium due under the NYLL;

f.  An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g.  An award of liquidated damages as a result of Defendants' willful failure to pay the minimum wage and overtime wages, pursuant to the FLSA;

h.  An award of liquidated damages as a result of Defendants' willful failure to pay the minimum wage, overtime wages and spread of hours premium, pursuant to the NYLL;

i. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Designation of this action as a class action pursuant to F.R.C.P. 23;

l. Designation of Plaintiff as Representative of the Class; and

m. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: May 14, 2019

Respectfully submitted,

By: */s/ C.K. Lee*
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*